Per Curiam.

The informations separately charged defendants with operating vessels on the Hudson River, in the Town of Hyde Park, in violation of section 33-c (subd. 4, par. [a]) of the Navigation Law of the State of New York, in that they *557 are not equipped with, antipollution control devices. It is noted that the primary responsibility for enhancing the environment rests with State and local governments, which have the authority to adopt and enforce protective statutes, including those regarding marine sanitation. (U. S. Code, tit. 42, § 4371, subd. [b], pars. [1], [2]; U. S. Code, tit. 33, § 1163, subd. [f].) In our opinion, the strong presumption in favor of the constitutionality of an environmental conservation statute (Nettleton Co. v. Diamond, 27 N Y 2d 182) is applicable to a statute prohibiting the pollution of the State’s waterways. Consequently, it was error to dismiss the informations upon constitutional grounds. It was also error to hold that the boarding and inspection authorized by subdivision 9 of section 33-c is unconstitutional. (See Carroll v. United States, 267 U. S. 132, 153.)
The orders should be unanimously reversed on the law and informations reinstated.
Concur — Pittohi, P. J., McCullough and Farley, JJ.
Orders reversed, etc.